IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE DANIEL MONTOYA,

      Plaintiff,

vs.                                       No. CIV 25-0687 JB/JMR

ALBUQUERQUE POLICE DEPARTMENT,
CHILDREN YOUTH AND FAMILIES
DEPARTMENT, FNU QUEZADA, and
INDIVIDUAL OFFICERS AND AGENTS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Complaint Under 42 U.S.C. § 1983, filed July 22, 2025 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), filed July 22, 2025, (Doc. 2)("Application"). Plaintiff Jose Daniel Montoya appears pro se. For the reasons set out below, the Court: (i) dismisses Montoya's claims without prejudice; (ii) dismisses the Complaint; (iii) denies the Application; and (iv) dismisses this case without prejudice.

## PROCEDURAL BACKGROUND

Montoya asserts claims for "alleg[ed] violations of his constitutional rights under the Fourth and Fourteenth Amendments," and for "emotional distress" based on the following facts:

- On July 1, 2025, APD arrested Mr. Montoya and unlawfully seized his minor son [E.M.] without a court order.

- A friend, Tracie Anzara, was present and willing to take custody of [E.M.], but officers, including one identified female officer, refused to release him to her.

- Mr. Montoya was not served with any documentation regarding his childs [sic] removal despite repeated inquiries.

- CYFD[1] later filed an ex parte custody order on July 11, 2025, and served Mr. Montoya only around July 16, 2025well [sic] after the removal.

- Mr. Montoya was charged with child abandonment based on a June 30 incident, to which he has pleaded not guilty.  The child was never left unattended.

- The only formal documentation received from CYFD was a Notice of Custody with no court seal, judges [sic] signature, or substantive details justifying the seizure.

Complaint at 3.

The Honorable Jennifer M. Rozzoni, United States Magistrate Judge for the United States

District Court for the District of New Mexico, notifies Montoya of the following deficiencies in

the Complaint:

> First, the Complaint fails to state a plausible due process claim for the alleged unlawful seizure of Plaintiff's son.
>
> > Under the Fourteenth Amendment, the state may not permanently sever parental rights or temporarily remove children from a home "without affording the parents due process of law." Arredondo v. Locklear, 462 F.3d 1292, 1298 (10th Cir. 2006).  Due process typically requires "notice and an opportunity to be heard before state officials remove children from the home." Id. But when "[f]aced with emergency circumstances which pose an immediate threat to the safety of a child, the state may temporarily deprive a parent of custody without parental consent or a court order."  Id. (internal quotation marks omitted).
>
> Lowther v. Children Youth and Family Department, 101 F.4th 742, 760-61 (10th Cir. 2024).  The Complaint does not contain sufficient factual allegations regarding Plaintiff's arrest and the seizure of Plaintiff's son.    See Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021)("A plausible claim includes facts from which we may reasonably infer Defendant's liability.  Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. Allegations that are merely consistent with a defendant's liability stop short of that line")(citations omitted)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007))).  Plaintiff's conclusory allegation that the seizure occurred without "exigent circumstances" is not sufficient.  See Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021)("An allegation is conclusory where it states an inference without stating

---

[1]CYFD is the New Mexico Children, Youth & Families Department.  See https://www.cyfd.nm.gov/about-us/ (last visited August 25, 2025).

underlying facts or is devoid of any factual enhancement.  Conclusory allegations are not entitled to the assumption of truth.  In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim")(citations omitted).  The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim.

Second, it appears the Court may lack jurisdiction over Plaintiff's claims against CYFD and its officers.  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  See Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013)("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Evitt v. Durland, 243 F.3d 388 *2 (10th Cir. 2000)("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte")(quoting Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 843 (10th Cir.1988).

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under Ex parte Young, 209 U.S. 123, 28 . . . (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir.2012)(internal citations omitted and altered).

Levy v. Kansas Dept. of Social and Rehabilitation Services, 789 F.3d 1164, 1169 (10th Cir. 2015).  There are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against CYFD and its officers.  The Court orders Plaintiff to show cause why the Court should not dismiss the claims against CYFD and its officers.

Third, it appears the claims against Albuquerque Police Department should be dismissed because the Complaint does not show that it is a separate suable entity.

- 3 -

> "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." Hinton v. Dennis, 362 Fed. Appx. 904, 907 (10th Cir. 2010) (citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity). The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against the Albuquerque Police Department.

Order to Cure Deficiency and Order to Show Cause at 2-4, filed July 23, 2025 (Doc. 5)("Order")(this District Court adds the ellipses).  Magistrate Judge Rozzoni orders Montoya either to show cause why the Court should not dismiss this case or to file an amended complaint, and notifies Montoya that failure timely to show cause or to file an amended complaint may result in dismissal of this case.  See Order at 7.  Montoya has not filed an amended complaint by the August 13, 2025, deadline or otherwise responded to the Order.  Magistrate Judge Rozzoni also notifies Montoya:

> Plaintiff filed a motion to proceed in forma pauperis using an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)("Short Form Application").  See Doc. 2, filed July 22, 2025.  The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees.  The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)("Long Form Application").  Failure to file a Long Form Application within twenty-one (21) days from entry of this Order or failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed in forma pauperis.

Order at 1 (italics in original).  Montoya has not filed a Long Form Application by the August 13, 2025, deadline.

**LAW REGARDING PRO SE LITIGANTS**

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [what applies to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

**LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)**

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is ""'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991)).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v.

Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has

facial plausibility when the pleaded factual content allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at

678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility

that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient;

the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood

of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d

1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis in original.  The United States Court of Appeals

for the Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath of conduct,
> much of it innocent, then the plaintiffs "have not nudged their claims across the line
> from conceivable to plausible."  The allegations must be enough that, if assumed to
> be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J)(quoting Bell Atl.

Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses generally must be pled in the defendant's answer, not argued

on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant can argue

an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense --

the courts handle these cases differently than other motions to dismiss.  See Glover v. Gartman,

899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan,

555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d at 1247.  Second, the defendant can raise

the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent

on the complaint's face.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill,

J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the

failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion

may be disposed of under this rule.").  The defense of limitations is the affirmative defense that

the complaint's uncontroverted facts is most likely to establish.  See 5 Wright & Miller's Federal

Practice & Procedure § 1277, at 643 (3d ed. 2004).  If the complaint sets forth dates that appear to

fall outside of the statutory limitations period, then the defendant may move for dismissal under

rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.);

Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger

Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

     The plaintiff may counter this motion with an assertion that a different statute of limitations

or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has

not clarified whether this assertion must be pled with supporting facts in the complaint or may be

merely argued in response to the motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir.

1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the

statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts

establishing an exception to the affirmative defense).  It appears that, from case law in several

Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-

dismiss stage -- by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair,

Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691

n.1 (7th Cir. 2006)(Ripple, J.).  Although the Tenth Circuit has not addressed squarely this practice,

the Court has permitted this practice.  See Anderson Living Trust v. WPX Energy Prod., LLC, 27

F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

**LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the United States Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp.2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but does not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See

---

[2]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court holds that a violation of the Fourth Amendment of the United States Constitution "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit notes, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200.  It concludes that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.  See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at

371).  The Tenth Circuit notes that the Supreme Court in that case finds a sufficient link between the police misconduct and the city officials' conduct, because there is a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'"  Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

### LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted.  Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).  "[A]n application to proceed in forma pauperis should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)).  "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (no citation for quoted material).  While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly

income exceeds his or her monthly expenses by a few hundred dollars.  Brewer v. City of Overland

Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose

monthly income exceeded his monthly expenses by a few hundred dollars according to his own

accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP

status).[3]

The district court may grant a motion to proceed IFP even if the complaint fails to state a

claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).  See

Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the

language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a

dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying
> the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and
> then, if the court discovers that the action is frivolous or improper or that the
> allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A.
> § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citing Ragan v. Cox, 305 F.2d 58

(10th Cir. 1962) and Martin v. United States, 273 F.2d 775 (10th Cir. 1960)).

The district court has the discretion to dismiss an IFP complaint sua sponte under

§ 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon

which relief may be granted."  28 U.S.C. § 1952(e)(2).  The district court also may dismiss a

complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state

a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

---

[3]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00.  See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees.  Brewer's monthly income exceeded his monthly expenses by $242.00.  See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court: (i) dismisses Montoya's claims without prejudice; (ii) dismisses the Complaint; (iii) denies Jose Daniel Montoya's Application to proceed in forma pauperis; and (iv) dismisses this action. The Complaint does not state a plausible claim pursuant to § 1983 for the alleged unlawful seizure of Montoya's son. Montoya's conclusory allegation that the seizure occurred without "exigent circumstances" is not sufficient. Complaint at 4. See Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021)("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.").

The Complaint does not show that the Court has jurisdiction over Montoya's claims against CYFD and its officers, because there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to States apply to Montoya's claims against CYFD and its officers. See Levy v. Kansas Dept. of Social and Rehabilitation Services, 789 F.3d 1164, 1169 (10th Cir. 2015)("Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment."). The Complaint also does not state a claim against the Albuquerque Police Department, because there are no allegations showing that the Albuquerque Police Department is a separate suable entity.

"Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." Hinton v. Dennis, 362 Fed. Appx. 904, 907 (10th Cir. 2010)(citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department, because it is not a separate suable entity)).

Magistrate Judge Rozzoni, after notifying Montoya that the Complaint does not state claims upon which relief can be granted, ordered Montoya either to show cause why the Court should not dismiss this case or to file an amended complaint. See Order at 3, 5. The deadline to show cause or amend was August 13, 2025. See Order at 7. Montoya has not shown cause or filed an amended complaint. The Court declines to exercise supplemental jurisdiction over Montoya's state law claim for emotional distress, because it is dismissing Montoya's federal law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., 956 F.3d 1228, 1238 (10th Cir. 2020)("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial."). The Court, therefore, dismisses: (i) Montoya's claims without prejudice; (ii) the Complaint; and (iii) this action.

Magistrate Judge Rozzoni also: (i) notifies Montoya that the Short Form Application to proceed in forma pauperis does not provide sufficient information for the Court to determine whether Montoya is unable to pay the required fees; and (ii) orders Montoya to file a Long Form Application. The deadline to file a Long Form Application was August 13, 2025. See Order at 7. Montoya has not filed an amended Application. The Court denies Montoya's Application to proceed in forma pauperis, because Montoya has not filed a Long Form Application.

- 15 -

- 16 -

**IT IS ORDERED** that: (i) the Plaintiff's claims are dismissed without prejudice; (ii) the

Plaintiff's Complaint Under 42 U.S.C. § 1983, filed July 22, 2025, (Doc. 1), is dismissed; (iii) the

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 22,

2025 (Doc. 2), is denied; (iv) this case is dismissed; and (v) a separate Final Judgment will be

entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jose Daniel Montoya
Albuquerque, New Mexico

    *Plaintiff pro se*